IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES D. WILSON, | ) Docket No. 05-122E |
| | ) (Honorable Maurice B. Cohill, Jr.) |
| Plaintiff | ) |
| | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) |
| | ) ANSWER |
| MOTION CONTROL INDUSTRIES, | ) |
| DIVISION OF CARLISLE | ) JURY TRIAL DEMANDED |
| CORPORATION, RETIREMENT PLAN | ) |
| FOR BARGAINING UNIT EMPLOYEES | ) Filed on behalf of:  Defendants |
| OF MOTION CONTROL INDUSTRIES, | ) |
| DIVISION OF CARLISLE | ) Counsel of record for this party: |
| CORPORATION, | ) Richard A. Lanzillo, Esq. |
| | ) Knox McLaughlin Gornall |
| Defendants | ) & Sennett, P.C. |
| | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |
| | ) Attorneys for defendants |

## ANSWER

Defendants, Motion Control Industries, a division of Carlisle Corporation, Retirement Plan for Bargaining Unit Employees of Motion Control Industries, division of Carlisle Corporation, through its counsel, Knox McLaughlin Gornall & Sennett, P.C., file the following Answer to plaintiff's Complaint:

## THE PARTIES

1. Admitted.

2. Admitted in part and denied in part.  It is admitted that Motion Control Industries ("Motion Control") is a Delaware corporation with its principal offices located in Charlottesville, Virginia.  It is further admitted that, prior to January 11, 2002, Motion Control

operated a manufacturing facility located at One Gillis Avenue, Ridgway, Elk County, Pennsylvania 15853 (hereinafter the "Ridgway Facility").  Motion Control ceased production operations at the Ridgway Facility on January 11, 2002 and, therefore, it is denied that Motion Control operated the Ridgway Facility after that date.

3. Admitted in part and denied in part.  Defendants admit that the Retirement Plan is maintained to provide benefits as described therein to eligible participants under the Plan.  The Plan is administered by a committee appointed by the Board of Directors of Carlisle Corporation in accordance with Article 7.1 of the Plan Document.  Defendants admit that a copy of the Plan Document, as amended and restated effective on January 1, 1997, and Part II Supplement as amended and restated as of July 20, 2000, is attached to the Complaint as Exhibit 1.

4. Admitted.

5. Admitted.

6. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. The allegations of paragraph 7 of the Complaint are conclusions of law asserting subject matter jurisdiction.  Defendants deny that the allegations of the Complaint support claims under ERISA and, therefore, deny that jurisdiction in this Court is properly founded upon Sections 502(a)(1)(B) and 502(e)(1) of ERISA.

8. The allegations of paragraph 8 of the Complaint assert conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, the allegations are denied.

## FACTUAL ALLEGATIONS

9. Admitted with the clarification that Wilson's active employment ceased on January 11, 2002, when Motion Control ceased operations at the Ridgway Facility.

10. Admitted.

11. Defendants admit that Wilson would be 65 years old on December 30, 2005. The remaining allegations of paragraph 11 of the Complaint are conclusions of law based upon future events and an application of the terms of the Plan Document, which speaks for itself. Defendants deny the remaining allegations of paragraph 11 of the Complaint to the extent they are inconsistent with the terms of the Plan Document and contingent upon future events.

12. Admitted.

13. The allegations of paragraph 13 characterize the terms of the Plan Document, which speaks for itself, and defendants deny the allegations of paragraph 13 to the extent that they are inconsistent with the Plan Document.

14. The allegations of paragraph 14 characterize the terms of the Plan Document, which speaks for itself, and defendants deny the allegations of paragraph 14 to the extent that they are inconsistent with the Plan Document.

15. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Defendants admit that Wilson is not entitled to a disability pension under the Plan Document. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 17 of the Complaint.

18. Defendants deny that Wilson remained an active employee of Motion Control until June 27, 2003. To the contrary, Wilson ceased to be an active employee on January 11, 2002.

19. Denied.

20. Defendants admit that Wilson was not an active employee as of the date of his alleged disability and is not entitled to disability pension benefits. After reasonable investigation, defendants are without knowledge or information sufficient to know what "series of meetings" fall within the scope of paragraph 20 of the Complaint and when Local 502 became aware that Motion Control did not consider Wilson and the unnamed similarly situated employees to be eligible for disability pension benefits.

21. Defendants admit that a copy of the letter from plaintiff's counsel dated March 23, 2004 to Richard W. Perhacs, Esquire, the attorney representing Motion Control is attached to the Complaint as Exhibit 2. Defendants deny the remaining allegations of paragraph 21 of the Complaint on the grounds that the letter dated March 23, 2004 speaks for itself.

22. Defendants admit that a copy of the letter dated April 20, 2004 from Attorney Perhacs to plaintiff's counsel is attached to the Complaint as Exhibit 3. Defendants deny the remaining allegations of paragraph 22 on the grounds that the April 20, 2004 letter speaks for itself.

23. Defendants admit that a copy of the letter dated May 24, 2004 from plaintiff's counsel to Attorney Perhacs is attached to the Complaint as Exhibit 4. Defendants deny the remaining allegations of paragraph 23 of the Complaint on the grounds that the May 24, 2004 letter speaks for itself.

24. Defendants admit that Wilson does not qualify for disability pension benefits under the Plan Document and that no further correspondence has been transmitted in response to the letter dated May 24, 2004.

## COUNT I
## ACTION TO RECOVER BENEFITS UNDER ERISA §502(A)(1)(B)

25. Defendants incorporate by reference paragraphs 1 through 24 of this Answer.

26. Denied.

27. Denied.

WHEREFORE, defendants respectfully request that the Court enter judgment in their favor dismissing the Complaint and granting defendants such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, as a result of his failure to exhaust their contractual and administrative remedies.

    2.  Plaintiff's claims are barred, in whole or in part, by, and in accordance with, the terms of the Collective Bargaining Agreement.

    3.  Plaintiff's claims are barred, in whole or in part, by, and in accordance with, the terms of the Memorandum of Agreement dated November 21, 2002 between Motion Control Industries and IUE Local 502 re Settlement of Grievance No. 0048.

    4.  Plaintiff's claims are barred, in whole or in part, by, and in accordance with, the terms of the Plan Document.

            Respectfully submitted,

            KNOX McLAUGHLIN GORNALL &
            SENNETT, P.C.


            BY: /s/ Richard A. Lanzillo, Esq.
              Richard A. Lanzillo, Esquire
              120 West Tenth Street
              Erie, PA  16501
              Telephone (814) 459-2800
              Facsimile (814) 453-4530
              Email rlanzillo@kmgslaw.com
              PA53811


              Attorneys for defendants, Motion Control
              Industries, Division of Carlisle Corporation,
              Retirement Plan for Bargaining Unit
              Employees of Motion Control Industries,
              Division of Carlisle Corporation

# 664002