IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos.   05-122E |
| | ) | |
| v. | ) | |
| | ) | |
| MOTION CONTROL INDUSTRIES, | ) | |
| DIVISION OF CARLISLE CORPORATION, | ) | |
| RETIREMENT PLAN FOR BARGAINING | ) | |
| UNIT EMPLOYEES OF MOTION CONTROL | ) | |
| INDUSTRIES, DIVISION OF CARLISLE | ) | Senior Judge |
| CORPORATION, | ) | Maurice B. Cohill, Jr. |
| | ) | |
| Defendants. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on April 26, 2006, by telephone, between Robert A. Eberle and Jason Mettley, for the plaintiff, and Richard A. Lanzillo, for defendants.

2.  The parties agree that this case should be designated as a Track I case.

3.  The parties have not elected to have the case referred for voluntary arbitration.

4.  The parties' agree that the Plaintiff's jury trial demand shall be stricken.

5.  Rule 26(a)(1) disclosure statements have not been exchanged. They will be exchanged in Phase II of the proposed case management order, as described below.

6.  The parties request a case management order containing two phases, because this case presents common threshold issues:

    a.  The Plaintiff is a former employee of Motion Control Industries, Inc. at its Ridgway, Pennsylvania facility, and is a participant of the Motion Control Hourly Employees Retirement Plan.

  b. Motion Control permanently closed its Ridgway facility on January 11, 2002. The Plaintiff alleges that at or after the plant closing date he sought to apply for a disability pension with the Plan. The Plaintiff alleges that it was determined that the plaintiff did not meet the eligibility requirements for a disability pension in part because the plaintiff's employment with Motion Control ended due to the plant closing.

  c. The Plaintiff has brought a Complaint alleging a violation of ERISA. The Complaint asserts, inter alia, that the Plan's alleged failure to consider the Plaintiff for a disability pension was in deprivation of the Plaintiff's rights under ERISA. The Defendants deny this allegation. This action is one of several actions in which former Motion Control employees are claiming entitlement to a disability pension. Although the Defendants dispute many of the alleged facts asserted in the individual complaints, including the Complaint of this Plaintiff, the Defendants and the Plaintiff agree that there are two common threshold issues to all of these cases that may be dispositive of the outcome. These threshold issues are (1) whether the Plaintiff has properly exhausted his administrative remedies, and if not, whether he is excused from the exhaustion requirement; and (2) whether the Plaintiff has a legal right to a disability pension when his employment with the Defendant Employer was terminated at or before the date of disability due to a permanent plant closing. A determination of either of these threshold issues in favor of the Defendants would conclude this litigation. A determination of both these threshold issues in favor of the Plaintiff may lead to a mutually acceptable resolution of the litigation or to further factual questions unique to each of the related cases.

7.  Phase I of the proposed Case Management Order shall pertain solely to the threshold questions described above in paragraph 6 including all issues related to the issue of exhaustion. The Parties anticipate limited written and oral discovery on these issues. Based upon the limited nature of this anticipated discovery, the Parties suggest the following deadlines for Phase I of the Case Management Order:

   a.  The parties may move to amend the pleadings or add new parties on or before May 22, 2006;

   b.  All discovery in Phase I shall be commenced in time to be completed by July 3, 2006.

   c.  The parties shall file motions for summary judgment on or before August 1, 2006. Responses to such motions shall be accompanied by briefs and filed on or before September 1, 2006. Any reply briefs shall be due five (5) days after the receipt of the Response and shall not exceed three (3) pages in length.

   d.  If the parties' dispositive motions are denied, Plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed within twenty-one (21) days after the Court's decision.

   e.  Defendants' pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed within twenty-one (21) days after the filing of Plaintiff's pretrial narrative statement.

   f.  The Court shall schedule a bench trial and pretrial conference.

   g.  The parties estimate that a trial regarding the threshold issue of the case will take two (2) days.

      h.      Subsequent to the pretrial conference, counsel for all parties shall meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved.

      i.      Any exhibit which has not been identified by counsel in a pretrial narrative statement, except an exhibit to be used solely for impeachment purposes, shall not be admitted as evidence.

      j.      Any depositions or any portion thereof to be read into evidence shall be identified at the pretrial conference. Objections to the admissibility of any portion thereof shall be identified and submitted to the Court at the pretrial conference. This order does not include video taped qualifications of experts.

      k.      The anticipated absence of any witness shall not be sufficient cause to delay the trial. Video tape deposition service is available through the Clerk of Court.

      l.      Phase I shall conclude when the Court grants one of the parties' dispositive motion or issues a decision following a bench trial.

8.      Phase II of the proposed Case Management Order shall only be effective at the conclusion of Phase I and only if the plaintiff prevails on both threshold issues identified above in paragraph 6:

      a.      The Court shall schedule a status conference at the convenience of the Court and the parties.

      b.      The parties shall exchange rule 26(e)(1) disclosure statements at least fifteen (15) days prior to the status conference.

5

  c. Counsel for the parties' shall confer at least ten (10) days in advance of the status conference to discuss any issues remaining in the action, the prospect of settlement, and a procedure for resolving the remainder of the case.

        Respectfully submitted,

        JUBELIRER, PASS & INTRIERI, P.C.


        BY: /s/ Jason Mettley
          Robert A. Eberle
          PA Id No. 47359
          Jason Mettley
          PA Id No. 81966

        Attorneys for Plaintiff


        KNOX MCLAUGHLIN GORNALL & SENNETT, P.C.


        BY: by consent /s/ Jason Mettley
          Richard A. Lanzillo
          PA Id No. 53811
          Neal R. Devlin
          PA Id No. 89223

        Attorneys for Defendants