IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES D. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-122 Erie |
| ) | |
| MOTION CONTROL INDUSTRIES, ) | |
| DIVISION OF CARLISLE ) | |
| CORPORATION, RETIREMENT ) | |
| PLAN FOR BARGAINING UNIT ) | |
| EMPLOYEES OF MOTION CONTROL ) | |
| INDUSTRIES, ) | |
| DIVISION OF CARLISLE ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |

### INITIAL CASE MANAGEMENT ORDER

AND NOW, to-wit, this 17th day of May, 2006,

IT IS ORDERED that the above-captioned civil action shall proceed under Local Rule 16.1 of this Court, for pretrial proceedings. All provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

1. After consultation with the parties we find that this action is a Track I case.

2. The parties have not elected to have the case referred for voluntary arbitration.

3. The parties agree that the Plaintiff's jury trial demand shall be stricken.

4. The parties agree that discovery shall be conducted in two Phases with Phase I focused on two threshold legal issues. The first threshold issue centers on whether the Plan has a legal obligation to consider a participant for a disability pension when the participant's employment with the Defendant Employer was terminated at or before the date of disability due to a permanent plant closing. The second threshold issue centers on whether Plaintiff has properly exhausted his administrative remedies, and if not, whether he is excused from the exhaustion requirement. The parties agree that a determination of either of these issues in favor of Defendants would conclude the litigation; while a determination in favor of Plaintiff on both issues may lead to a settlement, or to further factual questions.

5. Rule 26(a)(1) disclosure statements have not been exchanged. They will be exchanged in Phase II of discovery.

6. The parties may move to amend the pleadings or add new parties on or before __May 22, 2006__.

7. The parties shall complete Phase I fact discovery on or before __July 3, 2006__. All interrogatories, depositions, requests for admissions and requests for production shall be served with sufficient time to allow responses to be completed prior to the close of discovery.

8. The parties shall file motions for judgment on the pleadings, for summary judgment, or to dismiss, if appropriate, on or before __August 1, 2006__. All such motions shall be accompanied by a brief. Responses to such motions shall be accompanied by briefs and shall be filed on or before __September 1, 2006__. Any reply briefs shall be due (15) days after the receipt of the Response and shall not exceed three (3) pages in length.

9. If the parties' dispositive motions are denied, Plaintiff's pretrial narrative statement shall comply with LR 16.1.4 A, and be filed within twenty-one days after the Court's decision.

10. Defendant's pretrial narrative statement shall comply with LR 16.1.4 A, and be filed within twenty-one days after the filing of Plaintiff's pretrial narrative statement.

11. The Court shall schedule a bench trial and pretrial conference, if necessary, at a later date.

12. The parties estimate that a trial regarding the threshold issue of the case will take two (2) days.

13. Subsequent to the pretrial conference, counsel for all parties shall meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved.

14. Any exhibit which has not been identified by counsel in a pretrial narrative statement, except an exhibit to be used solely for impeachment purposes, shall not be admitted as evidence.

15. Any deposition or any portion thereof to be read into evidence shall be identified at the pretrial conference. Objections to the admissibility of any portion thereof shall be identified and submitted to the Court at the pretrial conference. This order does not include videotaped qualifications of experts.

16. The anticipated absence of any witness shall not be sufficient cause to delay the trial. Videotape deposition service is available through the Clerk of Court.

17. Phase I shall conclude when the Court grants one of the parties' dispositive motions or issues a decision following a bench trial.

18.  Phase II of Discovery shall only be effective at the conclusion of Phase I, and only if Plaintiff prevails on both threshold issues identified above in Paragraph 4. In the event that Phase II is necessary the Court shall schedule a status conference. The parties shall exchange Rule 26(e)(1) disclosure statements no later than fifteen (15) days before the status conference. Counsel for the parties shall confer at least ten (10) days before the status conference to discuss any remaining issues, the prospect of settlement, and a procedure for resolving the remainder of the case.

/s/ Maurice B. Cohill, Jr.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:  Counsel of Record