Committee within 60 days after receipt of such request, unless special circumstances require an extension of time for processing, in which case the claimant shall be so notified and a decision shall be rendered as soon as possible, but not later than 120 days after receipt of the request for review. The claimant shall be given written notice of the decision resulting from such review, which notice shall include specific reasons for the decision, written in a manner calculated to be understood by the claimant, and specific references to the pertinent Plan provisions on which the decision is based.

(b)      **Claims on or After January 1, 2002.** Except as otherwise provided in subsection (c), this subsection (b) shall apply to claims for benefits under the Plan that are filed on or after January 1, 2002.

If any claim for benefits under the Plan is wholly or partially denied, the claimant shall be given notice in writing of such denial within 90 days after receipt of the claim (or within an additional 90 days if special circumstances require an extension of time, and written notice of the extension shall be furnished to the claimant). Notice of the denial shall set forth the following information:

(1) the specific reason or reasons for the denial;

(2) specific reference to pertinent Plan provisions on which the denial is based;

(3) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(4) an explanation that a full and fair review by the Committee of the decision denying the claim may be requested by the claimant or his or her authorized representative by filing with the Committee, within 60 days after such notice has been received, a written request for such review; and

(5) a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse decision upon review.

If the claimant files a written request for a review of a denied claim or that a domestic relations order is qualified, the claimant or his or her authorized representative may request, free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claim or domestic relations order, and may submit documents, records, issues, and comments in writing within the same 60-day period specified in subsection (d) above. The review shall take into account all comments, documents, records, and other information submitted by the claimant relating to the claim or domestic relations order without regard to whether such material was submitted or considered as part of the initial determination. The decision of the Committee upon review shall be made promptly, and not later than

Exhibit 2

60 days after the Committee's receipt of the request for review, unless special circumstances require an extension of time for processing, in which case the claimant shall be notified of the extension and the date by which a decision is expected to be made, and a decision shall be rendered as soon as possible, but not later than 120 days after receipt of the request for review. If the claim is denied, wholly or in part, the claimant shall be given a copy of the decision promptly. The decision shall be in writing and shall include specific reasons for the denial; specific references to the pertinent Plan provisions on which the denial is based; a statement that the claimant may request, free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claim or domestic relations order; and a statement of the claimant's right to bring a civil action under section 502(a) of ERISA. The decision shall be written in a manner calculated to be understood by the claimant.

(c) **Disability Claims on or After January 1, 2002.** This subsection shall apply to claims for disability benefits under the Plan that are filed on or after January 1, 2002.

Any claim for disability benefits under the Plan shall initially be filed with an individual identified by the Plan Administrator (the "administrator"). If the claim is wholly or partially denied, the claimant shall be given notice in writing of the denial. This notice shall be given in writing within a reasonable period of time after receipt of the claim by the administrator. This period will not exceed 45 days after receipt of the claim, except that if the administrator determines that an extension is necessary due to matters beyond the control of the Plan, the period may be extended up to an additional 30 days. If prior to the end of the first 30-day extension period the administrator determines that, due to matters beyond the control of the Plan, the decision cannot be rendered within that extension period, the period may be extended up to an additional 30 days. Written notice of any extension shall be furnished to the claimant prior to termination of the applicable period, and it shall indicate the standards on which entitlement to a disability benefit is based, the unresolved issues that prevent a decision on the claim, the additional information needed to resolve those issues, and the date by which the benefit determination is expected. The claimant shall have at least 45 days after this notice to submit the specified information, and the period for making the benefit determination shall be tolled from the date of the extension notice to the date on which the claimant responds to the request for additional information.

Notice of any claim denial shall be written in a manner calculated to be understood by the claimant and shall set forth the following information:

(1) the specific reasons for the denial;

(2) a specific reference to the Plan provisions on which the denial is based;

37

Exhibit 2

(3) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why this material or information is necessary;

(4) the identification of medical or vocational experts whose advice was obtained on behalf of the Plan in connection with the denied claim, without regard to whether this advice was relied upon in making the benefit determination;

(5) an explanation that a full and fair review by the Committee of the decision denying the claim may be requested by the claimant or an authorized representative by filing with the Committee, within 180 days after the notice has been received, a written request for review;

(6) a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse decision upon review; and

(7) if an internal rule, guideline, protocol, or other similar criterion was relied upon in denying the claim, a statement that such a rule, guideline, protocol, or other similar criterion was relied upon and that a copy of the rule, guideline, protocol, or the criterion will be provided free of charge to the claimant upon request.

If a claimant files a written request for review of a denied claim, the claimant or his or her authorized representative may request, free of charge, reasonable access to and copies of all documents, records, and other information relevant to the claim and may submit written comments, documents, records, and other information relevant to the claim within the 180-day period specified in paragraph (5) above. The notice of claim denial shall include a statement of the claimant's rights to review and submit information pursuant to this paragraph.

The review by the Committee shall take into account all comments, documents, records, and other information submitted by the claimant relating to the claim without regard to whether such material was submitted or considered as part of the initial determination, and it shall not afford deference to the decision denying the claim. If the claim denial was based in whole or in part on a medical judgment, the Committee shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment, who was not consulted in connection with the initial benefit determination, and who is not a subordinate of any person who was so consulted.

The decision of the Committee upon review shall be made promptly, and not later than 45 days after the Committee's receipt of the request for review. However, if the Committee determines that special circumstances require an extension of time, this period may be extended for up to an additional 45 days. Written notice of the extension shall be furnished to the claimant prior to termination of the initial 45-day

Exhibit 2