LAW OFFICES
## JUBELIRER, PASS & INTRIERI, P.C.
219 FORT PITT BOULEVARD
PITTSBURGH, PENNSYLVANIA 15222-1576

412-281-3850
412-261-0147

JOSEPH J. PASS
NEAL R. CRAMER
ERNEST B. ORSATTI
EDWARD H. WALTER
ROBERT A. EBERLE
JAMES A. WELKER
JASON METTLEY
JOSEPH SANTINO PASS

BEN PAUL JUBELIRER (1904-1983)
FRANK P. G. INTRIERI (1942-1976)

FAX: 412-281-1985

March 23, 2004

VIA FACSIMILE TRANSMISSION
(FAX #1-814-453-4530)
and REGULAR MAIL

Richard W. Perhacs, Esquire
Knox, McLaughlin, Gornall & Sennett
120 W. 10th Street
Erie, PA 16501-1461

    Re:    Terry K. Rockwell and Donald A. Davido, Jr.
            Disability Claims with Motion Control Industries

Dear Rich:

    I am writing to you in connection with our earlier discussions regarding your client, Motion Control Industries. My firm has been retained to represent Messrs. Rockwell and Davido regarding their claims for disability pensions with Motion Control. Inasmuch as you and I have spoken on a number of occasions about this subject and the various other issues pertaining to Motion Control and IUE/CWA Local 502, I want to communicate separately on behalf of these individual clients.

    As I have previously mentioned, I was contacted by these two gentlemen and other former employees of Motion about their possible claims for disability pensions. On one of the earlier occasions you and I spoke (some time early last year) about the subject of disability pensions, you suggested that I write and describe the nature of these claims so that you could review the matter with your client. Belatedly, I am writing now for that reason, and in part my reason for doing so now is to make sure that this issue is on the table prior to any global settlement between Motion Control and Local 502.


Exhibit 6

Case 1:05-cv-00122-MBC    Document 26-5    Filed 09/01/2006    Page 2 of 3

Richard W. Perhacs, Esqu.
Page 2
March 23, 2004

Regarding Mr. Rockwell and Mr. Davido, please be advised as follows.

Mr. Rockwell began his employment with Motion Control on April 21, 1969. His social security number is 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, and his date of birth is January 19, 1951. His current address is 797 Highland Road, Kane, PA 16735. Mr. Rockwell's last day of work was January 11, 2002, and he received WARN Act pay through March 16, 2002. In May 2002 Mr. Rockwell became disabled as the result of heart disease. He subsequently qualified for Social Security disability benefits in July 2002. Mr. Rockwell apparently made a verbal request for the paperwork to initiate a claim for disability pension benefits with Motion, but he was advised by Robin E. at Motion Control that he was not eligible for the disability pension because he was not working for Motion Control at the time he became disabled.

Mr. Davido began his employment with Motion Control on November 11, 1978. His social security number is 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, and his date of birth is October 1, 1945. His current address is 243 Ash Street, Ridgway, PA 15853. Mr. Davido's last day of work was January 11, 2002, and he received WARN Act pay through March 16, 2002. On May 9, 2002, Mr. Davido suffered a heart attack that left him disabled from working. He applied with Motion Control for a disability pension, and he actually began receiving benefits. He was subsequently verbally informed by Norm Tarbell that he had mistakenly received the benefits, and those benefits were discontinued. I am no aware of any actual determination sent o Mr. Davido regarding the decision to discontinue. He informs me that he was told by Mr. Tarbell that he was not eligible for a disability pension because he was not actively employed with motion Control at the time he became disabled.

I am aware that there are other individuals in similar circumstances with each of my clients. In other words, there is at least one other person who began receiving benefits and then saw those benefits discontinued (similar to Mr. Davido), and there are others who became disabled and then were verbally informed by the Company that they were not eligible for disability pension benefits (similar to Mr. Rockwell). However, to date I have not been retained by any of those individuals, although I expect that will change in the near future.

In view of the information set forth above, would you kindly review this matter with your client. I have two questions. First, will Motion Control reconsider the decision to deny disability pension benefits to either or both of these two individuals based on the information set forth above? Second, in the event the Company is unwilling to alter its position, will the Company require these two individuals to bring administrative claims before pursuing a remedy in federal court under ERISA? Both individuals have authorized me to proceed in the most appropriate venue. If the Company wants these cases addressed in the first instance through the administrative process, then I will submit claims for both clients. If the Company were willing to agree that pursuit of the administrative process at this stage (given the apparent number of individuals in the same situations as these two claimants) would be futile, then I would proceed directly with an ERISA lawsuit of their behalf.

Exhibit 6

Richard W. Perhacs, Esquire
Page 3
March 23, 2004



I will wait to hear from you on this matter.

                Very truly yours,

                Robert A. Eberle

RAE:dmc

cc: Terry K. Rockwell
    Donald A. Davido, Jr.
    Edward J. Greenawalt, Local 502
    Larry Donachy

Exhibit 6