


*A Professional Corporation*

120 West Tenth Street
Erie, Pennsylvania 16501-1461
814-459-2800
Fax 814-453-4530
www.kmgslaw.com

Richard W. Perhacs
rperhacs@kmgslaw.com

WILLIAM C. SENNETT
EDWIN L.R. McKEAN
RICHARD H. ZAMBOLDI
JACK M. GORNALL
HARRY K. THOMAS
MICHAEL A. FETZNER
JAMES T. MARNEN
DONALD E. WRIGHT, JR.
RICHARD W. PERHACS
ROBERT G. DWYER
R. PERRIN BAKER
MARK E. MIODUSZEWSKI
CARL N. MOORE
DAVID M. MOSIER
THOMAS A. TUPITZA
GUY C. FUSTINE
RICHARD E. BORDONARO
BRIAN GLOWACKI
JOHN O. DODICK
FRANCIS J. KLEMENSIC
TIMOTHY M. SENNETT
WILLIAM C. WAGNER
PATRICIA K. SMITH
MARK T. WASSELL
RICHARD A. LANZILLO
JOANNA K. BUDDE
PETER A. PENTZ
MARK G. CLAYPOOL
THOMAS C. HOFFMAN II
MARK J. KUHAR
CHRISTOPHER J. SINNOTT
TIMOTHY M. ZIEZIULA
JENNIFER E. GORNALL-ROUCH
MARK A. DENLINGER
JEROME C. WEGLEY
TRACEY D. JONES
CRAIG W. SNETHEN
JAMES M. NADZAM

April 20, 2004

Robert A. Eberle, Esq.
219 Fort Pitt Blvd.
Pittsburgh, PA 15222-1576

**RE: Terry K. Rockwell and Donald A. Davido, Jr. and Motion Control Industries, Inc.**

Dear Bob:

This responds to your letter of March 23rd regarding the claims of the above former employees for disability pension benefits.

I enclose for your information a copy of a letter which Mr. Davido received from the Company in August, 2003 explaining in detail why his claim for disability pension benefits was denied. You will recall that Mr. Davido actually received these benefits for a brief period of time. As the letter explains, this payment was made in error and, since the mistake was on the Company's part, he was not asked to repay any of the amount erroneously paid to him. Mr. Rockwell's situation is identical, i.e., the disability began well after employment ended. The plant was closed and all employees terminated on March 16, 2002. As your letter recites, both of these individuals became disabled in May, 2002, almost two months after their employment ended.

I also enclose for your information a copy of the relevant portion of the pension plan. As you can see, Section 4.3(a) clearly provides that employment must terminate "because of a disability." In this case the employment of your clients, along with the employment of everyone else in the plant, terminated well before the disabilities arose. In light of the language of the plan, which seems rather clear, the Company will not reconsider its position in this matter.

Exhibit 7







I do not have authorization to waive any requirement that administrative claims be filed, so, if your clients are insistent on pursuing this despite the above information, you should proceed accordingly.

Very truly yours,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

Richard W. Perhacs

RWP/smb
Enclosures
#547867

cc: Norman Tarbell
Michael L. Roberson, Esq.





MOTION CONTROL INDUSTRIES
4040 Lewis & Clark Dr.
Charlottesville, VA 22911
434-975-6028 800-840-5635 FAX: 434-975-7939

August 7, 2003

Mr. Don Davido
243 Ash Street
Ridgway, PA 15853

Dear Don,

I am writing to you regarding your eligibility for a Disability Retirement as a participant in the "Carlisle Corporation Retirement Plan for Hourly Paid Employees" of the Ridgway Local Union No. 502. According to a recent review of the Plan, to qualify for a Disability Retirement, an employee must meet the following criteria:

- The Participant must have ten years of vesting service, and
- The Participant must have a total and permanent disability which enables the participant to be eligible for and receiving Social Security disability benefits, and
- The Participant's termination must have been because of the disability.

The Ridgway facility was permanently closed on March 16, 2002. To qualify for a Disability Retirement, an employee had to have met the above criteria and retired before the date the facility closed. Because your disability was determined effective after March 16, 2002, you do not meet the criteria for a Disability Retirement.

As a result of the recent audit and review of our Plan administration, it was determined that an error was made in determining your eligibility for a Disability Retirement. As a result of our mistake, we will not require you to repay any of the monies already paid to you. There will, however, not be any additional payments until you retire under one of the other Plan options. At that time, you will be eligible for the full and appropriate benefit without any adjustment for the monies we have already paid to you.

We regret any inconvenience this may have caused.

Please feel free to contact me regarding your other options.

Respectfully submitted,

Norman E. Tarbell, Jr.
Division HR Manager
Carlisle Motion Control Industries, Inc.

Exhibit 7

of his termination of Vesting Service, but shall be reduced for the earlier date at which such benefit payments actually begin prior to the Member's Normal Retirement Age, in accordance with the early commencement provisions specified in the Supplement.

(c) **Commencement and Duration.** Monthly early retirement benefit payments shall begin as of the retired Member's Early Retirement Date, unless he elects to have them begin on the first day of any calendar month thereafter but not later than the first of the month coincident with or next following his Normal Retirement Age. When monthly payments begin, they shall be paid monthly thereafter as of the first day of each succeeding month during his lifetime, subject to the optional forms of payment in sections 4.7 and 4.8 and the reemployment provisions in section 4.10.

**4.3 Disability Retirement Benefits**

(a) **Eligibility.** If the employment of a Participant, but not an Inactive Participant, terminates (prior to retirement under section 4.1, 4.2, or 4.4) because of a Disability after he attains his Disability Retirement Age, he shall be eligible to receive a disability retirement benefit under the Plan, in accordance with and subject to the provisions of the Plan. 10 YEARS [illegible]

(b) **Amount.** The monthly disability retirement benefit payable to a Participant eligible therefor under (a) above shall be an amount computed in the same manner as a normal retirement benefit under section 4.1(b), based on his Credited Service at the time of his Disability, without reduction for commencement prior to his Normal Retirement Age.

Or, the monthly amount of a Participant's disability retirement benefit, if any, shall be determined as provided in the Supplement.

(c) **Commencement and Duration.** Monthly disability retirement benefits shall begin as of the Participant's Disability Retirement Date. When monthly payments begin, they shall be payable monthly thereafter as of the first day of each succeeding month during his lifetime, subject to the optional forms of payment in sections 4.7 and 4.8, and provided further that—

(1) If such Participant's Disability ceases prior to his Normal Retirement Age or if he ceases to receive disability benefits under the Social Security Act, he shall lose his eligibility for benefits under this section 4.3. If he resumes employment with the Employer as an Hourly Employee promptly after such cessation, he shall again accumulate benefits as a Participant, and after his reemployment ceases, he may be eligible for a normal, early, or deferred vested retirement benefit under the Plan.



Exhibit 7