IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos.   05-122E |
| | ) | |
| v. | ) | |
| | ) | |
| MOTION CONTROL INDUSTRIES, | ) | |
| DIVISION OF CARLISLE CORPORATION, | ) | |
| RETIREMENT PLAN FOR BARGAINING | ) | |
| UNIT EMPLOYEES OF MOTION CONTROL | ) | |
| INDUSTRIES, DIVISION OF CARLISLE | ) | Senior Judge |
| CORPORATION, | ) | Maurice B. Cohill, Jr. |
| | ) | |
| Defendants. | ) | |

**BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    OPPOSITION**

Plaintiff, Charles D. Wilson, respectfully submits this Brief in Opposition to Defendants' Motion for Summary Judgment.  Because the issues in the case were made apparent early in this litigation, Wilson anticipated Defendants' arguments in support of its Motion for Summary Judgment and addressed them in his primary Brief in Support of his Motion for Summary Judgment (Document Number 17).  Accordingly, Wilson opposes Defendants' Motion for Summary Judgment for the reasons outlined in this primary Brief, a copy of which is attached hereto as Exhibit A for the Court's convenience.

Wilson offers the following comments to supplement his argument.  Motion Control asserts that he is ineligible for a benefit because he sustained the injury that caused his disability while working for another employer.  However, nowhere in the Plan documents does it state that in order to receive a disability retirement benefit a participant has to become disabled in the

scope of his employment with Motion Control. The documents simply state that a participant is eligible for benefits if their employment "terminates because of a disability".

For example, a participant would be entitled to receive benefits if he became disabled as a result of an injury he sustained while playing softball, following a car accident, or while moonlighting for a second employer, so long as the disability resulted in the termination of his employment with Motion Control. For the reasons set forth in his primary brief, Wilson's employment with Motion Control was terminated because of disability because he became totally and permanently disabled from all employment prior to the expiration of the collective bargaining agreement establishing the terms and conditions of his employment with Motion Control.

Second, Defendants' cite the Court's decision in Donachy v. Motion Control et al., Civil Action No. 04-245, 2005 WL 3488714 (W.D. Pa., December 21, 2005)[1] in support of its argument that Plaintiff failed to exhaust his administrative remedies. With all due respect, Judge McLaughlin's ruling identified the factors comprising the legal test for the futility exception to the exhaustion requirement, but did not analyze those factors in that case. The opinion does not at all explain or even account for the various letters that the plaintiffs' attorneys sent Motion Control prior to the filing of the suit, it just sets forth in conclusory fashion that "none of the factors" for establishing the futility exception "cut in favor of the Plaintiffs". It is difficult to accept Defendants' argument that the Donachy opinion informs the Court of the proper outcome here.

---

[1] Donachy was appealed to the United States Court of Appeals for the Third Circuit on January 12, 2006. The appeal is pending disposition and was assigned docket number 06-1180.

**II.    CONCLUSION**

For all the reasons stated herein, Wilson respectfully requests that this Honorable Court deny Defendants' Motion for Summary Judgment.

>Respectfully submitted,
>
>JUBELIRER, PASS & INTRIERI, P.C.
>
>BY:    /s/ Jason Mettley
>       Robert A. Eberle, Pa. I.D. #47359
>       Jason Mettley, Pa. I.D. #81966
>       219 Fort Pitt Boulevard
>       Pittsburgh, PA 15222
>       (412) 281-3850
>       (412) 281-1985 (fax)
>       rae@jpilaw.com
>       jm@jpilaw.com