IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-122E |
| | ) | |
| v. | ) | |
| | ) | |
| MOTION CONTROL INDUSTRIES, | ) | |
| DIVISION OF CARLISLE CORPORATION, | ) | |
| RETIREMENT PLAN FOR BARGAINING | ) | |
| UNIT EMPLOYEES OF MOTION CONTROL | ) | |
| INDUSTRIES, DIVISION OF CARLISLE | ) | Senior Judge |
| CORPORATION, | ) | Maurice B. Cohill, Jr. |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**CONCISE STATEMENT OF MATERIAL FACTS**

Plaintiff files the following Response to Concise Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment, pursuant to W.D.PA.LR 56.1, as follows:

1-4.    Plaintiff admits that he initiated the instant action to recover disability retirement benefits from Defendants. Plaintiff denies the remaining statements contained in Paragraphs 1-4 of the Concise Statement of Material Facts In Support of Defendant's Motion for Summary Judgment because they are not statements of fact but instead a synopsis of Defendants' argument.

5-6.    Admitted, although Plaintiff denies his employment ended on January 11, 2002. The determination of the date Plaintiff's employment terminated is a legal, not factual, issue.

7.    Admitted, although Wilson still is a participant in the Plan. Complaint ¶5; Answer ¶5.

      8.      Denied. The statements in paragraph 8 of Defendants' Concise Statement are a characterization of the allegations in Plaintiff's Complaint, which is a written document that speaks for itself.

      9.      Admitted, although Plaintiff denies his employment ended on January 11, 2002. The determination of the date Plaintiff's employment terminated is a legal, not factual, issue.

      10-11.      Admitted.

      12.      Denied. The statements in paragraph 12 of Defendants' Concise Statement are a characterization of the allegations in Plaintiff's Complaint, which is a written document that speaks for itself.

      13.      Admitted.

      14.      Admitted, although Plaintiff denies his employment ended on January 11, 2002. The determination of the date Plaintiff's employment terminated is a legal, not factual, issue.

      15.      Plaintiff admits he did not file a formal written claim, but denies the implication that he did not attempt to make a claim. Plaintiff made approximately four to six telephone calls to the appropriate Motion Control office to request an application for a disability retirement benefit. Deposition of Charles Wilson, transcript pages 14-23; Appendix to Plaintiff's Concise Statement of Material Facts, Exhibit "5". Plaintiff testified that after his messages were not returned, he spoke to the union, and the union confirmed that Motion Control was not returning any employees' phone calls, and Plaintiff "kind of gave up after that". Deposition of Charles Wilson, transcript pages 18; Appendix to Plaintiff's Concise Statement of Material Facts, Exhibit "5".

16.	Denied.  The statements in paragraph 16 of Defendants' Concise Statement are a characterization of the allegations in Plaintiff's Complaint, which is a written document that speaks for itself.

17.	Denied.  Plaintiff made approximately four to six telephone calls to the appropriate Motion Control office to request an application for a disability retirement benefit.  Deposition of Charles Wilson, transcript pages 14-23; Appendix to Plaintiff's Concise Statement of Material Facts, Exhibit "5".  Plaintiff testified that after his messages were not returned, he spoke to the union, and the union confirmed that Motion Control was not returning any employees' phone calls, and Plaintiff "kind of gave up after that".  Deposition of Charles Wilson, transcript pages 18; Appendix to Plaintiff's Concise Statement of Material Facts, Exhibit "5".  Motion Control only processed the disability retirement benefit application of one employee Don Davido.  Mr. Davido suffered a heart attack on May 9, 2002 and was initially granted disability retirement benefits from the Plan before Motion Control discontinued them on August 7, 2003 claiming those payments were in "error".  Appendix to Plaintiff's Concise Statement of Material Facts, Exhibit "6", "7", and "8".

18-24.	It is admitted that the Plan is comprised of two written documents, the provisions of which speak for themselves.  The remaining statements in Paragraphs 18 through 24 of Defendants' Concise Statement are not facts but characterizations of the Plan documents, the provisions of which speak for themselves, and are therefore denied.

25.	Denied.  Motion Control and the Plan refused to allow Wilson to apply for benefits, as Wilson had attempted on numerous occasions.  Because Wilson was not permitted to apply for benefits, there was no "denial of his claim" that could be subject to administrative

review. Deposition of Charles Wilson, transcript pages 14-23; Appendix to Plaintiff's Concise Statement of Material Facts, Exhibit "5".

         Respectfully submitted,

         JUBELIRER, PASS & INTRIERI, P.C.


         BY:   /s/ Jason Mettley
           Jason Mettley, Pa. I.D. #81966
           219 Fort Pitt Boulevard
           Pittsburgh, PA 15222
           (412) 281-3850